UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.   : | Case No. 1:21-cr-00303 (ABJ) |
| : | |
| MICHAEL JOSEPH RUSYN,   : | |
| : | |
| Defendant.   : | |

UNOPPOSED MOTION TO CONTINUE AND
TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

The Defendant Michael Rusyn hereby moves this Court for a 21-day continuance of the above-captioned proceeding, and further to exclude the time within which a trial must take place under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i) and (iv). In support of its motion, the defendant states as follows:

FACTUAL BACKGROUND

Defendant is charged via Information with offenses related to crimes that occurred at the United States Capitol on January 6, 2021.

Defendant Michael Rusyn is charged with entering or remaining in a restricted building or grounds without lawful authority, in violation of 18 U.S.C. § 1752(a)(1); disorderly conduct in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(2), disorderly conduct in a Capitol building, in violation of 40 U.S.C. § 5104(e)(2)(D); and parading, demonstrating, or picketing in a Capitol building, in violation of 40 U.S.C. § 5104(e)(2)(G).

1

The Government has indicated that it will be superseding the Information to include a second defendant.

Plea negotiations between Mr. Rusyn and the Government are ongoing and the parties contemplate resolving the matter by way of guilty plea at this juncture.

Continuance will serve the interests of justice, save judicial resources, and provide defense counsel adequate time to effectively represent Defendant Michael Rusyn.

## ARGUMENT

Pursuant to the Speedy Trial Act, for any case in which a plea of not guilty is entered, trial of a defendant charged in an information or indictment with the commission of an offense must commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. 18 U.S.C. § 3161(c)(1).

Section 3161(h) of the Speedy Trial Act sets forth certain periods of delay which the Court must find are excludable from the 70-day speedy trial clock. Relevant to this motion for a continuance, pursuant to subsection (h)(7)(A), the Court must exclude:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best

interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). This provision further requires the Court to set forth its reasons for finding that that any ends-of-justice continuance is warranted. *Id.* Subsection (h)(7)(B) sets forth a non-exhaustive list factors that the Court must consider in determining whether to grant an ends-of-justice continuance, including:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i) and (iv). Importantly, "[i]n setting forth the statutory factors that justify a continuance under subsection (h)(7), Congress twice recognized the importance of adequate pretrial preparation time." *Bloate v. United States*, 559 U.S. 196, 197 (2010) (*citing* §3161(h)(7)(B)(ii), (B)(iv)).

An interests-of-justice finding is within the discretion of the Court. *See, e.g., United States v. Rojas-Contreras*, 474 U.S. 231, 236 (1985); *United States v. Hernandez*, 862 F.2d 17, 24 n.3 (2d Cir. 1988). "The substantive balancing underlying the decision to grant such a continuance is entrusted to the district court's sound discretion." *United States v. Rice*, 746 F.3d 1074 (D.C. Cir.

2014).

In this case, an ends-of-justice continuance is warranted under 18 U.S.C. § 3161(h)(7)(A) based on the factors described in 18 U.S.C. § 3161(h)(7)(B)(i) and (iv). While disclosure of available discovery has been completed to date, the parties continue plea negotiations. The parties seek a short, 21-day continuance and exclusion of those days for speedy trial purposes in order to finalize plea discussions and prepare for a change of plea hearing. *See* F.R.Cr.P. 11. In short, despite due diligence of the parties, a 21-day continuance is necessary to effectively prepare.

The Government have approved of the contents of this motion.

WHEREFORE, Defendant Michael Rusyn respectfully requests that this Court grant the motion for a 21-day continuance of the above-captioned proceeding, and that the Court exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*. from September 1, 2021 to the date of the next hearing, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i) and (iv).

The parties further request that the status conference of September 1, 2021 be adjourned and that the Court schedule a Rule 11 change of plea hearing the week of September 13th. The parties are available at all times that week *except* on the afternoon of September 14th or at any time on September 16th.

Respectfully submitted,

*[signature]*

Andrea Dechenne Bergman
Assistant Federal Public Defender
OFFICE OF THE FEDERAL PUBLIC DEFENDER
22 S. Clinton Avenue
Station Plaza #4, Bldg. #4
Trenton, New Jersey -8609
(609) 649-0275 (c)
Andrea_Bergman@fd.org

**Certificate of Service**

I, Andrea Dechenne Bergman, counsel for Defendant Michael Rusyn, hereby certify that I served this Unopposed Motion for Continuance and Speedy Trial Exclusion on counsel for the United States of America, Michael Romano, Esq., Assistant United States Attorney, by ECF filing and email on this 30th day of August, 2021.

*[signature]*
Andrea Dechenne Bergman